ADKINS, Chief Justice:
Certiorari was granted in this case to review an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims. Jurisdiction vests in this Court to review this matter pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner-employer and its carrier sought reimbursement from the Special Disability Trust Fund for the lump sum compensation it paid under order of the Judge of Industrial Claims entered pursuant to F.S. 440.20(10). The employee, Jack Hotten, was injured on April 13, 1969, and again on March 6, 1970. The first accident was washed out by order entered May 11, 1970.
Sometime prior to May of 1972, the petitioner-employer accepted the employee as permanently and totally disabled by virtue of the combined effect of the employee’s *114 two injuries. Payments to the employee were initiated based on his permanent total disability.
Within sixty days of so accepting the employee, the petitioner filed a claim for reimbursement by the Fund pursuant to F. S. 440.49(4) (g), which in pertinent part provides':
“[Section] g. Reimbursement of employer. The right to reimbursement as provided in this subsection shall be barred unless notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement [within the division] at Tallahassee within sixty days after the date copies of the order awarding the compensation with respect to which such reimbursement is claimed or mailed to the employer and carrier at the last known address of each, or, if payment of such compensation is made by the employer or carrier without an award, within sixty days after the date the first payment of compensation for the permanent disability was made.”
Hearing on this claim for reimbursement in respect of the permanent total disability benefits accepted and being paid by petitioner was had before the Judge on May 5, 1972.
Then, following the May 5th hearing and before any order on the claim was entered, the petitioner entered into a Joint Petition and Stipulation for Lump Sum Payment with the employee, which was approved by order of the Judge of Industrial Claims on June 23, 1972, washing out the claimant employee’s case. An award of $15,500 was made, based on the stipulation of a 50% permanent partial disability. The Fund was not of record notified of those proceedings nor of the order entered on June 23, 1972.
On July 9, 1973, almost thirteen months later and without further proceedings, the Judge of Industrial Claims proceeded to enter an order requiring the Fund to reimburse 60% of the benefits awarded to the employee on the basis of the 50% permanent partial disability of the body as a whole. The claim for reimbursement filed by the petitioner as well as the subject matter of the June 23, 1972, wash-out order and the subject matter of the July 9, 1973, order, all arose from the employee’s second injury of March 6, 1970.
Subsequent to the June 23, 1972, washout of claimant’s case against petitioner, no claim for reimbursement based on that June 23rd wash-out order has been filed by petitioner.
The question presented for our consideration is a simple one. Does F.S. 440.-49(4) (g) require the employer to file a claim for reimbursement within sixty days of the entry of an order approving a Joint Stipulation award based on a permanent partial disability even though a prior timely claim has already been filed based on the employer’s voluntary acceptance (without an order) of the employee as permanently and totally disabled? The resolution of this question, however, is not so simple.
Petitioner contends that the statute provides for two alternative times for filing; one, where compensation payments are begun without an order, the other where payments are made pursuant to an order. Giving the statutory language its ordinary meaning, particularly the word “or”, says petitioner, compels the conclusion that the Legislature meant the two periods to be alternative requirements for properly filing claims for reimbursement from the Fund.
In Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801 (1927), this Court said:
“In its elementary sense the word ‘or’ is a disjunctive participle that marks an alternative, generally corresponding to ‘either,’ as ‘either this or that’; a connective that marks an alternative. 29 Cyc. 1502. It often connects a series of words or propositions, presenting a choice of either. Webster’s New Int. *115 Diet. (1925 Ed.). There are, of course, familiar instances in which the conjunction ‘or’ is held equivalent in meaning to the copulative conjunction ‘and,’ and such meaning is often given the word ‘or’ in order to effectuate the intention of the parties to a written instrument or of the Legislature in enacting a statute, when it is clear that the word ‘or’ is used in a copulative and not in a disjunctive, sense. In statutes of this nature, however, the word !or‘ is usually, if not always, construed judicially as a disjunctive unless it becomes necessary in order to conform to the clear intention of the Legislature to construe it conjunc-tively as meaning ‘and! In ascertaining the meaning and effect to be given the word ‘or’ when construing a statute, the intent of the Legislature is the determining factor. Employed between two terms which describe different subjects of a power, the word ‘or’ usually implies a discretion when it occurs in a directory provision, and a choice between two alternatives when it occurs in a permissive provision.” (Emphasis supplied) p. 805
The intent of the Legislature in adopting F.S. 440.49 is clearly expressed in the statute. See F.S. 440.49(4) (a). This is no help, however, in the matter at hand.
The obvious purpose in providing for the time limits and alternatives expressed in the statute is to provide for the expedient resolution of claims for reimbursement. By the time a claim is filed the injury which is the subject of the claim for reimbursement could possibly have occurred as long as two years before, since an injured employee has two years from the date of the injury within which to file his claim for compensation. F.S. 440.19. It is necessary therefore that the Fund be timely apprised of the employer’s claim for reimbursement in order that an investigation of the claim might promptly be made, hence the mandatory language of F.S. 440.49(4) (g). That language states that the claim for reimbursement shall be barred unless (emphasis supplied) notice is filed in case of an order awarding compensation or if there is no such award notice must be filed after voluntary acceptance and payment by the employer. The language of the statute clearly implies that even if notice were filed after voluntary payment there still must be additional notice filed if an award is entered pursuant to an order.
The Special Disability Trust Fund was established in 1955 by the Legislature
“. . . to encourage the employment of the physically handicapped by protecting employers from excess liability for compensation and medical expense when an injury to a handicapped worker merges with his pre-existing permanent physical impairment to cause a greater disability than would have resulted from the injury alone.” F.S. 440.49(4) (a)
The statute sets out the procedure for protecting the employers in § 440.49(4) (g). If the employer voluntarily accepts the employee as permanently injured or if an order to that effect is entered by the Judge of Industrial Claims, it is incumbent upon the employer to file a claim for reimbursement from the Fund for the excess compensation paid by the employer which is attributable to the pre-existing permanent physical impairment caused, as in the case sub jiidice, by the prior accident. If the claim is denied by the Fund a hearing before the Judge of Industrial Claims is had. This procedure was followed in the case sub judice, but for some reason, prompted possibly because of the difficulty in establishing the permanent total disability at the May 5th hearing, the employer and employee entered into the Joint Stipulation, agreeing to a 50% permanent partial disability of the body as a whole. The Fund knew nothing about this settlement until September, 1973, since the Joint Stipulation expressly waived a hearing and notice to parties. Thus, the July 9, 1973, reimbursement order was entered based on the findings of the May 5, 1972, hearing and the Joint Stipulation entered subsequent to that hearing.
*116 As was accurately stated by the Industrial Relations Commission in the case sub pidice:
“In short, § 440.49(4) (g), F.S., contemplates that a claim shall be filed within sixty days after the occurrence of a certain event — the entry of an Order or, if none is entered, voluntary acceptance, and clearly allows the disjunctive alternatives to operate compatibly by requiring an employer who has voluntarily made payment to file a claim within sixty days if the matter goes to trial and an Order is entered thereon. The same result obtains if after making voluntary payments the matter goes before a Judge on a joint-petition and an Order is entered thereon. To view the statutory provisions otherwise, which would be destructive of settled interpretation, would be to create precisely the situation in which the Fund here finds itself: The Fund defended against one claim and, having not been made a party to subsequent proceedings which materially altered the cause, finds itself the recipient of an Order predicated upon extraneous matters of which it was without notice and patently to its detriment. The law does not command, nor allow, such perverse interpretations of the statutes.
“Moreover, as this Commission ruled in Goldberger & Jackson Memorial Hospital v. Wolfie’s Restaurant, I.R.C. Order 2-(October 8, 1973), § 440.20(10). F.S., the so-called ‘wash-out’ provision, requires that ‘all interested parties be noticed of the proceedings and that their interest be represented and/or protected. This was not done in the instant cause and, if this Commission were to allow appellees to pick and choose which of the inclusively disjunctive alternatives of § 440.49(4) (g), F.S., it wished to utilize at a given moment, it would infrequently, if ever, be done. This provides a second rationale for holding the employer to the requirement of filing a claim within sixty days of an Order (which was not done in the instant cause) or within sixty days of a voluntary acceptance (which was done in the instant 'Cause) or filing a claim within sixty days of any Order which follows upon a previous voluntary acceptance (which was not done in the present case). To hold otherwise, contrary to Goldberger, supra, would be to sanction a perverse procedure subversive of due process protections.”
The writ of certiorari is therefore discharged.
It is so ordered.
ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
ERVIN, J., dissents.