ROBERT P. SMITH, Jr., Judge.
Special Disability Trust Fund appeals from an order finding that the employer/carrier’s claim against the Fund, filed August 13, 1974, satisfied the requirement of Section 440.49(4)(g), Florida Statutes (1973), that any claim for reimbursement by the Fund be filed
. within sixty days after the date copies of the order awarding the compensation with respect to which reimbursement is claimed are mailed to employer and carrier at the last known address of each, or, if payment of such compensation is made by the employer or carrier without an award, within sixty days after the date the first payment of compensation for the permanent disability was made.
The employer, Broward Vending, Inc. employed claimant with knowledge of his preexisting physical impairment by reason of back injuries. During his employment claimant reinjured his back and, on September 5, 1973, the employer/carrier accepted claimant as permanently totally disabled, and began payment of benefits for that disability. The reimbursement claim against the Fund was barred when more than sixty days then elapsed before the claim was made. Special Disability Trust Fund v. Brevard County Board of Public Instruction, IRC Order 2-2726 (Feb. 12, 1975), cert. den., 320 So.2d 392 (Fla.1975). The claim was not revived by the legislature’s amendment to the statute by Chapter 74-197; Section 21, which now runs the sixty-day claim period from the date “excess compensation for the permanent disability [is] made.” Section 440.49(2)(g), Florida Statutes (1979). We cannot agree with appellees’ contention that the 1974 amendment was simply declaratory of the existing statutory purpose.
REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.