THOMPSON, Judge.
The Special Disability Trust Fund (Fund) appeals and the employer/carrier (E/C) cross-appeal an order of the deputy commissioner (deputy) allowing the E/C to be partially reimbursed for wage loss benefits paid to the claimant. We affirm both the appeal and the cross-appeal.
The claimant sustained a compensable injury on January 25, 1980. After reaching maximum medical improvement (MMI), he was paid wage loss benefits, the first of such payments being made on December 29, 1980, and subsequent payments being made on January 27, 1981, March 5, 1981, March 30, 1981, May 8, 1981, May 18, 1981, and June 4, 1981. On June 29, 1981, the E/C filed a claim with the Fund for reimbursement of a percentage of the benefits paid to the claimant.
The Fund contends that § 440.49(2)(g), Fla.Stat. (1979) bars any right to reimbursement unless the claim for wage loss benefits is filed within 60 days from the date of the first payment and as this claim was not timely filed, the right to any reimbursement is barred. The E/C contends on cross-appeal that § 440.49(2)(g) is applicable only to claims for reimbursement of permanent partial disability and does not apply to reimbursement of wage loss benefits under § 440.15(3), Fla.Stat. (1979). The deputy found that the claim for reimbursement against the Fund is barred only as to payments made over 60 days prior to June 29, 1981, the date of the first notice to the Fund. We do not agree with either position and affirm the deputy’s award of partial reimbursement.
In cases prior to the 1979 amendment to § 440.15(3), Fla.Stat., a claimant reaching MMI with a permanent disability was awarded a certain fixed number of weeks permanent partial compensation based either on the schedule or on a certain percentage of disability as the result of anatomical rating or loss of wage earning capacity. Once the permanent partial disability rating was determined, the carrier knew the full extent of its liability for permanent partial disability unless there was a subsequent modification. In the 1979 amendment to § 440.15(3), the legislature did away with the payment of permanent partial disability benefits based on the schedule or on an anatomical or loss of wage earning capacity disability rating and substituted in lieu thereof the payment of wage loss benefits. Under the new law, the claimant may be entitled to wage loss benefits after he has reached MMI if he has sustained a permanent impairment and sustains an actual wage loss. Requests for wage loss benefits must be filed monthly and each claim is a separate claim. At the time the first wage loss benefit is paid the carrier generally has no idea of the extent of its future liability for wage loss benefits.
Although § 440.15(3) was drastically changed, no material changes were made in § 440.49(2)(g). When construing a statute capable of more than one interpretation, courts look to the legislative intent if it can be determined. The intent of the legislature in creating the Fund is specifically stated in § 440.49(2)(a):
(a) Legislative intent. — It is the purpose of this subsection to encourage the employment of the physically handicapped by protecting employers from excess liability for compensation and medical expense when an injury to a handi *1172 capped worker merges with his preexisting permanent physical impairment to cause a greater disability, permanent impairment, or wage loss than would have resulted from the injury alone. The division shall inform all employers of the existence and function of the fund and shall interpret eligibility requirements liberally. However, this subsection shall not be construed to create or provide any benefits for injured employees or their dependents not otherwise provided by this chapter. The entitlement of an injured employee or his dependents to compensation under this chapter shall be determined without regard to this subsection, the provisions of which shall be considered only in determining whether an employer or carrier who has paid compensation under this chapter is entitled to reimbursement from the Special Disability Trust Fund, (emphasis added)
We hold that § 440.49(2)(g) is applicable to the reimbursement of wage loss benefits. However, as each claim for each month’s wage loss benefits is a separate claim which is not mature and payable by the carrier until filed, § 440.49(2)(g) bars only those claims for reimbursement of wage loss benefits paid more than 60 days before the first notice of claim for reimbursement to the Fund. We therefore affirm the deputy’s order on both the appeal and cross-appeal.
AFFIRMED.
BOOTH, J., concurs.
MILLS, J., dissents.