MILLS, Judge,
dissenting:
I dissent. I would reverse the deputy’s order.
I agree with the majority that the legislature’s intent in creating the Fund is stated in Section 440.49(2)(a), Florida Statutes (1981). Although not stated by the majority, it was also the legislature’s intent that Section 440.49(2)(g), Florida Statutes (1981), apply to wage loss payments. This is clear because Section 440.15(3), Florida Statutes (1981), refers to permanent impairment and wage loss benefits; therefore, payments for wage loss are compensation for permanent disability.
The legislature did not change the 60-day filing limitation provided in Section 440.-49(2)(g). To do what the majority has done is to legislate. This Court has no authority to do this.
Section 440.49(2)(g) is a statute of non-claim and clearly bars any right to reimbursement unless the claim is filed prior to 60 days from the date of the first payment. This claim was not timely filed, thus, any right to reimbursement is barred forever. See Special Disability Trust Fund v. Brevard County Board of Public Instruction, 9 FCR 164 (1975), cert. denied, 320 So.2d 392 (Fla.1975), and Special Disability Trust Fund v. Harrison, 380 So.2d 493 (Fla. 1st DCA 1980).
The Industrial Relations Commission construed Section 440.49(4)(g), Florida Statutes (1974), the statutory predecessor of Section 440.49(2)(g), in Special Disability Trust Fund v. Brevard County Board of Public Instruction, supra. It was expressly held there that where excess permanent compensation is paid by the employer/carrier without an award, the right to reimbursement is barred forever unless the employer/carrier file their claim prior to 60 days from the date of the first payment. In interpreting an even earlier version of Section 440.-49(4)(g), the Florida Supreme Court, in McConnell Wetenhall Citrus Properties v. Special Disability Trust Fund, 304 So.2d 112 (Fla.1974), held that the purpose of the time limitation is to protect the Fund against stale claims and to provide an opportunity for prompt investigation of the claim.
If this is so, then the whole policy underlying this time limitation would be thwarted by the majority’s opinion. There appears to be no clear reason for distinguishing between claims for wage loss and other types of claims. I would not impute such an intent to the legislature, absent some clearer language to that effect.
Accordingly, I would reverse the order of the deputy commissioner and hold that the *1173 employer/carrier’s claim for reimbursement is totally barred by Section 440.49(2)(g).