424 So.2d 884 (1982)
SPECIAL DISABILITY TRUST FUND, Appellant,
v.
JIMMY HART MASONRY and General Accident Group, Appellees.
No. YY-374.
District Court of Appeal of Florida, First District.
December 20, 1982.
Rehearing Denied January 19, 1983.
*885 Robert M. Mack, Tallahassee, for appellant.
H.A. Rigdon, Jr., Haas, Boehm, Brown & Rigdon, Orlando, for appellees.
PER CURIAM.
The Special Disability Trust Fund appeals an order of the deputy commissioner requiring it to reimburse the employer/carrier 50% of the benefits paid to the claimant subsequent to his industrial injury of October 18, 1973. Because we agree that the employer/carrier's untimely filing of their claim for reimbursement requires reversal, we will not reach the other issues raised by the Fund.
The claimant sustained a compensable injury to his right foot and ankle on October 18, 1973. His employer stipulated that it employed claimant with knowledge of his pre-existing permanent impairment to his left knee. Dr. Kissam, claimant's treating physician, opined that claimant's pre-existing injury resulted in a 20% permanent physical impairment of the left leg and that claimant suffered a 30% permanent partial disability to the right leg as a result of the 1973 accident. Claimant was paid temporary total disability benefits and the employer/carrier voluntarily began payment of permanent partial disability benefits for a 60% disability of the right lower extremity. However, claimant continued to experience difficulty with his right ankle. He sought permanent total disability, but the deputy entered an order determining that claimant had not reached maximum medical improvement and was still temporarily partially disabled.
Subsequently, the claimant again sought benefits for a greater degree of disability than that accepted by the employer/carrier. On June 29, 1979, the deputy entered an order finding that claimant had been paid all benefits which were due, agreeing with the employer/carrier's position that claimant had not suffered a permanent partial disability in excess of the 60% of the right lower extremity accepted by the employer.
The employer/carrier filed their notice of claim for reimbursement against the Fund on August 10, 1979. The Fund controverted the claim contending, among other things, that it was not timely filed in accordance with Section 440.49(4)(g), Florida Statutes (1975).[1] The Fund argues that the claim was not filed within 60 days after the first payment of excess compensation for permanent disability was made as is required by Section 440.49(4)(g). The Fund's position is that payment of excess benefits, if in fact any was made,[2] began immediately *886 upon completion of the 60 weeks of permanent compensation benefits attributable to the 30% rating for the October 18, 1973 accident considered by itself. Since the employer/carrier accepted the 60% rating to the right leg on February 2, 1976,[3] the Fund argues that the 60th week occurred about April 2, 1977. Thus, the Fund concludes, the time for filing the notice of claim for reimbursement began to run on or about April 2, 1977, and the employer/carrier's claim filed more than two years later on August 10, 1979 was untimely.
On the other hand, the deputy determined that the claim was timely filed, finding that the issue of permanent partial disability was not ultimately decided until his order of June 29, 1979, and that the claim for reimbursement was filed well within sixty days from that date. We must respectfully disagree with the deputy's reasoning.
Section 440.49(4)(g) is a statute of nonclaim and clearly bars any right to reimbursement unless the claim is filed prior to 60 days from the date of the first payment of excess compensation if such payment is made by the employer/carrier without an award. The purpose of the time limitation in Section 440.49(4)(g) is to protect the Fund against stale claims and to provide an opportunity for prompt investigation of the claim. McConnell Wetenhall Citrus Properties v. Special Disability Trust Fund, 304 So.2d 112 (Fla. 1974). In Special Disability Trust Fund v. Brevard County Board of Public Instruction, 9 FCR 164 (1975), cert. den. 320 So.2d 392 (Fla. 1975), the Industrial Relations Commission held in an analogous situation that where excess permanent compensation is paid by the employer/carrier without an award, the right to reimbursement is barred forever unless the employer/carrier file their claim prior to 60 days from the date of the first payment of excess compensation. In that case, as here, after the employer/carrier voluntarily accepted liability for permanent disability, the deputy entered a subsequent order reaffirming that claimant had been paid the permanent disability benefits that were due. Nevertheless, the Commission ruled that the operative date for purposes of application of the statute was the date the first payment of voluntary excess compensation was made not the date the deputy entered his order.
Accordingly, because the payment of excess compensation was begun more than 60 days before August 10, 1979, the date the employer/carrier's claim was filed, we find the claim to be untimely and reverse the deputy's order requiring the Fund to reimburse the employer/carrier.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.
NOTES
[1] Section 440.49(4)(g), Florida Statutes (1975), provides in pertinent part:

(g) Reimbursement of Employer.  The right to reimbursement as provided in this subsection shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee prior to 60 days after the order awarding the excess permanent compensation with respect to which such reimbursement is claimed becomes final or, if payment of such excess permanent compensation is made by the employer or carrier without an award, prior to 60 days after the date the first payment of excess compensation for the permanent disability was made ... . (emphasis supplied)
We are applying the 1975 statute which became effective October 1, 1974 rather than the 1973 statute in effect at the time of the injury since Section 440.49(4)(g) is a remedial statute. The usual rule is that after their effective date remedial enactments apply to remedies then invoked for currently accruing liability arising out of earlier events or claims. Myers v. Carr Construction Company, 387 So.2d 417, 418 (Fla. 1st DCA 1980), and cases cited therein.
[2] Of course, a finding of a "merger," as defined in the statute, Section 440.49, subsection (4)(b), paragraphs 2a and b, is essential to reimbursement by the employer/carrier. The Fund contends that no merger occurred, thus no excess payments were made, an issue we are not required to decide in view of our disposition based upon the untimely filing of the claim.
[3] There is no record citation given supporting this date as the one on which payment of permanent disability began. However, since the employer/carrier have not contested this date, we will accept as true the statement that payment of permanent partial disability began on this date.