MILLS, Judge.
In this appeal, we are asked to determine whether a claim for reimbursement of temporary total disability (TTD) and medical benefits is barred by Section 440.49(2)(g), Florida Statutes (1981).
Hall, the claimant, suffered a compensa-ble injury on 9 April 1981 that entitled the employer and carrier (E/C) to file for reimbursement from the Special Disability Trust Fund under Section 440.49, Florida Statutes (1981). The E/C provided appropriate medical care and temporary total compensation until 4 January 1982, the date of maximum medical improvement. Commencing on 5 January 1982, the E/C began payment of wage-loss benefits.
On 7 January 1983, the E/C filed a claim against the Special Disability Trust Fund for reimbursement of all benefits paid to the claimant. The deputy commissioner awarded reimbursement of all TTD and medical benefits paid and of all wage-loss benefits paid after 7 November 1982.
Section 440.49(2)(g), Florida Statutes (1981), bars any right to reimbursement from the Special Disability Trust Fund unless the claim is filed prior to sixty days from the date of the first payment of excess compensation if such payment is made by the E/C without an award. Special Disability Trust Fund v. Jimmy Hart Masonry, 424 So.2d 884 (Fla. 1st DCA 1982). In Section 440.49(2)(b)3, Florida Statutes (1981), “excess permanent compensation” is defined as “that compensation for permanent impairment, wage-loss benefits, or permanent total disability or death benefits for which the employer or carrier is otherwise entitled to reimbursement from the Special Disability Trust Fund.”
Thus, the sixty-day period in the instant case began to run on 5 January 1982, the date of the first voluntary payment of wage-loss benefits. No claim having been filed within sixty days of this date, the right to reimbursement for TTD and medical benefits paid in this case is barred. The only benefits properly held reimbursable were the wage-loss benefits paid after 7 November 1982. Special Disability Trust Fund v. Sunshine Jr. Stores, Inc., 417 So.2d 1170 (Fla. 1st DCA 1982).
REVERSED.
WENTWORTH, J., and McCORD, GUYTE, P., Jr., (Ret.), Associate Judge, concur.