484 So.2d 54 (1986)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellant,
v.
ROBBINS MANUFACTURING COMPANY and Wausau Insurance Companies, Appellees.
No. BG-404.
District Court of Appeal of Florida, First District.
February 18, 1986.
Rehearing Denied March 20, 1986.
*55 Gordon W. Jacobs, Special Disability Trust Fund, Tallahassee, for appellant.
Janet Jaspers, of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellees.
NIMMONS, Judge.
The Special Disability Trust Fund (Fund) appeals from an order of the deputy commissioner determining that the employer/carrier's claim for reimbursement was timely filed because the "date of payment" of permanent impairment benefits, for purposes of Section 440.49(2)(g), Florida Statutes (1981), is the date the claimant negotiates the check. We disagree and reverse.
The claimant sustained a compensable injury on May 14, 1982. In payment of permanent impairment benefits which it owed, the employer/carrier mailed a check to claimant on June 3, 1983. The claimant received and negotiated this check on June 6, 1983. On August 5, 1983, the employer/carrier filed a claim for reimbursement from the Fund.
The Fund maintains that the employer or carrier is not entitled to reimbursement because the claim for reimbursement was not timely filed. Section 440.49(2)(g), Florida Statutes (1981), provides in pertinent part that:
(g) Reimbursement of employer.  The right to reimbursement as provided in this subsection shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee prior to 60 days after the order awarding the excess permanent compensation with respect to which such reimbursement is claimed becomes final or, if payment of such excess permanent compensation is made by the employer or carrier without an award, prior to 60 days after the date the first payment of excess compensation for the permanent disability was made. * * * (emphasis added)
The payment of permanent impairment benefits represents excess compensation since the employer or carrier was entitled to any claims reimbursement for sixty percent (60%) of the benefits which were attributable to diabetic complications resulting in amputation. Section 440.49(2)(b)3., Florida Statutes (1981) defines excess permanent compensation as "compensation for impairment ... for which the employer or carrier is otherwise entitled to reimbursement ..."
Under Section 440.49(2)(g), Florida Statutes (1981), the right to reimbursement is barred unless the claim is filed prior to 60 days after the date of the first payment of excess compensation. The Fund argues that the date of the first payment was the date the check was mailed, namely, June 3, 1983, that this date was not within the 60 days preceding the filing of the August 5 claim, and thus the employer or carrier are not entitled to reimbursement. We agree with the Fund and hold that the date of payment, for purposes of Section 440.49(2)(g), is the date the check is mailed by the employer or carrier.
While no case has specifically addressed the issue of what constitutes payment within the context of Section 440.49(2)(g), several cases have addressed the question of what constitutes payment in other contexts of workers' compensation law and are consistent with our holding.
*56 In Clay Hyder Truck Lines v. Atherton, 400 So.2d 1295 (Fla. 1st DCA 1981), this Court was presented with an issue involving the date of payment in a claim for attorney's fees under Section 440.34, Florida Statutes (1975). In deciding that payment was properly made within the statutory 21-day period, this Court stated that the date of mailing was considered in law to be the payment date. Id. at 1296. In reaching this conclusion, the Court relied upon the holding in Commercial Carrier Corp. v. Gillum, IRC Order 2-3534 (September 12, 1978), in which the Industrial Relations Commission held that where a check was mailed within twenty-one (21) days after a notice of the injury, payment was timely made by the employer.
Moreover, in Budget Luxury Inns, Inc. v. Boston, 407 So.2d 997 (Fla. 1st DCA 1981), the Court addressed the issue of when payment began for purposes of the two-year statute of limitations under Section 440.28, Florida Statutes (1975). It was held that proof of a carrier's mailing of disability checks to a claimant constitutes proof of payment sufficient to start the running of the limitation period. See also Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973).
Our decision that the date of payment for purposes of Section 440.49(2)(g) is the date the check is mailed also comports with logic and reason. The volitional act of mailing the check is the last act over which control is exercised by the employer or carrier, which puts it on notice that a claim is due to be filed within sixty (60) days. A holding that equates the date of payment with the date the claimant negotiates the check would allow the statutory period to begin to run upon the uncontrolled actions of the third party. The claimant could wait as long as two years to negotiate the check. Such a result would tend to frustrate the statute's obvious intent to effect a 60-day limitation period.
The employer and carrier argue that because Section 440.49(2)(g) is a remedial statute, the time limitation imposed by that statute should not be strictly construed. However, Section 440.49(2)(g) is a non-claim statute and clearly bars any right to reimbursement unless the claim is filed prior to 60 days from the date of the first payment. Special Disability Trust Fund v. Brevard County Board of Public Instruction, 9 FCR 164 (1975), cert. denied, 320 So.2d 392 (Fla. 1975); Special Disability Trust Fund v. Jimmy Hart Masonry, 424 So.2d 884 (Fla. 1st DCA 1982). While a general statute of limitations addresses the remedy and can be waived, a non-claim statute addresses the right to seek relief itself and thus cannot be waived. Special Disability Trust Fund v. Brevard County Board of Public Instruction, supra, at 165. As stated by the I.R.C.:
[W]here a statute confers a right and expressly fixes the period within which to enforce the right, such period is treated as the essence of the right to maintain the action, and ... the statute limiting the time to bring [suit] is not regarded as a technical statute of limitations.
Id. at 167.
Accordingly, we hold that the date of the first payment of compensation was the date the check was mailed, namely, June 3, 1983. The employer/carrier filed the claim for reimbursement on August 5, 1983, which was beyond the 60-day period provided by the statute. The claim was not timely filed, and thus the right to reimbursement was barred.
REVERSED.
SHIVERS and JOANOS, JJ., concur.