558 So.2d 130 (1990)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, Appellant,
v.
FLORIDA POWER CORPORATION and GAB Business Services, Inc., Appellees.
No. 89-1600.
District Court of Appeal of Florida, First District.
March 9, 1990.
Rehearing Denied April 6, 1990.
Annemarie Craft, Special Disability Trust Fund, Tallahassee, for appellant.
Andrew J. Salzman, of Hampp & Schneikart, P.A., St. Petersburg, for appellees.
WIGGINTON, Judge.
Appellant, Special Disability Trust Fund (Fund), appeals the judge of compensation claims' order finding employer/carrier entitled to reimbursement from the Fund in accordance with Section 440.49, Florida Statutes. We reverse.
The claimant, Gerald Coulombe, became employed by Florida Power Corporation on April 16, 1981. On January 25, 1982, he injured his right leg in a work-related accident, resulting in a right femoral hernia and thrombophlebitis. Medical testimony established that the 1982 injury was aggravated by and caused an aggravation of a 1980 crushing injury to Coulombe's legs.
Thereafter, employer/carrier paid appellant wage loss benefits from September 1984 through August 1985. On September 30, 1986, Coulombe and employer/carrier entered into a washout settlement in regard to his 1982 claim, in which they stipulated to a November 1, 1982 maximum medical improvement date. Employer/carrier filed its initial claim against the Fund on February 24, 1986, and filed a renewed claim on September 29, 1986.
Section 440.49(2)(g) (1981) provides that an employer/carrier's right to reimbursement from the Fund is barred unless written notice of the claim therefor was filed
prior to 60 days after the order awarding the excess permanent compensation ... becomes final or, if payment of such excess ... is made ... without an award, prior to 60 days after the date the first *131 payment of excess compensation for the permanent disability was made.[1]
Employer/carrier's claim against the Fund is based upon its position and the evidence in the record that the 1982 injury, and all of its ramifications, were affected by the preexisting condition caused by the 1980 injury and evidence presented at the hearing in this case supports that contention. Therefore, if that is the case, the wage loss benefits paid in 1984 necessarily contained excess compensation.
The fact that a different maximum medical improvement date has been adopted by the judge of compensation claims for purposes of determining employer/carrier's Fund claim does not revive employer/carrier's claim against the Fund in this case. As recognized in Special Disability Trust Fund, Department of Labor and Employment Security, State of Florida v. Southern Bell Telephone and Telegraph Co., 551 So.2d 575 (Fla. 1st DCA 1989), citing Special Disability Trust Fund v. Brevard County Board of Public Instruction, 9 FCR 164 (1975), cert. denied, 320 So.2d 392 (Fla. 1975):
The clear intent, and effect [of the 60-day limitation in the pre-1987 Section 440.49(2)(g), Florida Statutes] is that the claim is barred ... it is dead and no further act by ANYONE can breathe life into the right to claim reimbursement as to those benefits.
The claim is forever barred if not asserted within the time limit. Southern Bell Telephone and Telegraph Co.; Special Disability Trust Fund v. Robbins Manufacturing Co., 484 So.2d 54 (Fla. 1st DCA 1986). Just as in Southern Bell Telephone and Telegraph Co., where the 1987 amendment to the above statute was deemed not to revive an action which previously had been extinguished, the fact that a new MMI date was adopted by the judge of compensation claims for purposes of employer/carrier's claim against the Fund in this case does not revive that action which previously was extinguished 60 days after the payment of excess compensation in 1984. Therefore, employer/carrier's claim against the Fund is barred. The remaining points raised by the Fund need not be addressed.
REVERSED.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] In 1987, that statute was amended to change the 60-day period to a two-year period after the employee last reached MMI, or after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later.