WENTWORTH, Senior Judge.
This is an appeal of a March 9, 1994 final workers’ compensation order granting a claim for reimbursement from the Special Disability Trust Fund. Appellant contends the judge of compensation claims (JCC) erred in not barring this claim based on the employer/servicing agent’s (E/SA) failure to timely file their claim for reimbursement. We reverse.
Appellant is Special Disability Trust Fund, Department of Labor and Employment Security. Appellees are Westwind Transportation, employer and Claims Center, servicing agent. On April 5, 1983, claimant Michael Bubel, a truck driver for the employer, injured his back when he fell from his truck. The E/SA accepted claimant’s 1983 accident as compensable and began paying him benefits. The E/SA subsequently requested reimbursement from the Special Disability Trust Fund, which was denied.
Section 440.49(2)(g), Florida Statutes (1981),[1] provides, in pertinent part:
The right to reimbursement as provided in this subsection shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee prior to 60 days after the order awarding the excess permanent compensation with respect to which such reimbursement is claimed becomes final or, if payment of such excess permanent compensation is made by the employer or carrier without an award, pri- or to 60 days after the date the first payment of excess compensation for the permanent disability was made.
“Excess permanent compensation” is then defined in 440.49(2)(b)3 as “that compensation for permanent impairment, wage-loss benefits, or permanent total disability or death benefits for which the employer or *832 carrier is otherwise entitled to reimbursement from the Special Disability Trust Fund.”
In this case the E/SA suspended claimant’s TTD benefits on April 30, 1984 on the apparent ground that claimant had reached maximum medical improvement (MMI), and paid claimant wage loss on May 8, 1984, for April 20-30, 1984. It continued to pay wage loss through at least July 1984. However, it did not file for reimbursement from the Fund until August 22, 1984, 106 days after its first payment of wage loss. On September 6, 1984, the E/SA attempted to convert the wage loss to temporary partial wage loss, asserting claimant had not yet reached MMI. The parties eventually stipulated to an MMI date of February 6, 1986.
We conclude that the JCC’s order requiring the Fund to reimburse the E/SA must be reversed as the E/SA did not request reimbursement until after the statutory period had elapsed. The E/SA’s payment of wage loss benefits on May 8, 1984, triggered its duty to file for reimbursement from the Fund within 60 days or lose its entitlement to do so. Under the circumstances here it is irrelevant that these benefits were erroneously paid and were later reclassified; the benefits were voluntarily paid by the E/SA, which knew that it then had a duty to notify the Fund or risk losing its right to be reimbursed. The present case is analogous to Special Disability Trust Fund, Department of Labor & Employment Security v. Champion International, 584 So.2d 619 (Fla. 1st DCA 1991), where the JCC attempted to reclassify the wage loss as temporary by changing the MMI date, except that here the E/SA attempted to convert the wage loss paid in 1984 into TPD benefits by filing a BCL-4 form with the Division requesting such a conversion. The claim should not have been revived “as the clear intent and effect of section 440.49(2)(g) is that without timely notice, the claim is barred and no further action by ANYONE can breathe life into the right to claim reimbursement as to those benefits.” 584 So.2d at 621.
The JCC found that the E/SA’s claim had been made within 60 days of the first payment of excess compensation, and distinguished this case from both Jake’s Restaurant v. Special Disability Trust Fund, 596 So.2d 498 (Fla. 1st DCA 1992) and Champion International because Mr. Bubel had not yet reached MMI when wage loss was paid on May 8, 1984. Claimant makes a similar argument before this court. Although it is true that, unlike Champion, there is no evidence in the record that any medical opinion had been rendered that claimant had reached MMI at the time the wage loss benefits were paid, we conclude that this difference is not significant. Whatever the basis for its opinion on MMI, the E/SA had notice when it ceased temporary disability benefits and began paying permanent wage loss benefits that this event triggered its duty to request reimbursement or lose it. Imposing this duty on the E/SA to act in a timely manner comports with logic and reason: “[t]he volitional act of mailing the [benefit] check is the last act over which control is exercised by the employer or carrier, which puts it on notice that claim is due to be filed within sixty (60) days.” Special Disability Trust Fund, Dep’t of Labor & Employment Sec’y v. Robbins Mfg. Co., 484 So.2d 54 (Fla. 1st DCA 1986).
At the time the wage loss benefits were paid, they clearly met the statutory definition of “excess compensation for permanent disability.” This is apparent from the Injury Progress Report filed on May 8, 1984, the day the E/SA made its first payment of wage loss. The Report includes spaces for the E/SA to indicate the amount and type of compensation paid and it lists temporary total, permanent total, permanent total supplemental, death, permanent impairment, wage loss, and temporary partial. In completing the report, the E/SA indicated that $427.24 had been paid under the wage loss column and that $14,634 had been paid in TTD. At the time it was paid, the wage loss constituted “excess compensation for permanent disability.” We find no basis in the statute for altering its effect based on later determination of MMI.
The order is reversed and the cause remanded with directions that the claim be dismissed.
WOLF and LAWRENCE, JJ., concur.

. The 1987 amendment to this section, which changed the 60-day filing period to two years from the date of MMI or two years from the date of the first payment of compensation for PTD, wage loss, or death, does not apply here. Special Disability Trust Fund, Dep’t of Labor & Employment Sec’y v. Southern Bell Tel. & Tel. Co., 551 So.2d 575 (Fla. 1st DCA 1989) (reversing JCC's ruling that the 1987 amendment was retroactive in application).