670 So.2d 143 (1996)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, Appellant,
v.
EXECUTONE OF CENTRAL FLORIDA and Liberty Mutual Insurance Company, Appellees.
No. 95-312.
District Court of Appeal of Florida, First District.
March 20, 1996.
*144 Katrina D. Callaway of Special Disability Trust Fund, Tallahassee, for Appellant.
Anthony J. Beisler, Fort Lauderdale, for Appellees.
PER CURIAM.
This is an appeal of a final workers' compensation order granting a claim for reimbursement from the Special Disability Trust Fund (Fund). The Fund contends the judge of compensation claims (JCC) erred in not barring this claim based on the employer/carrier's (E/C) failure to timely file the claim for reimbursement. We reverse.
The employee suffered a compensable accident on October 17, 1985, sustaining a back injury with a permanent impairment rating being assigned. The employee's preexisting permanent impairment to his low back merged with the permanent impairment from the compensable accident to create a substantially greater permanent impairment and disability than that which would have resulted had the preexisting permanent physical impairment not existed. The employer had reached the statutorily required informed conclusion concerning the preexisting permanent condition prior to the industrial injury.
The employee first reached maximum medical improvement from the industrial injury on April 3, 1988. The E/C made the first payment of permanent compensation in the form of wage loss on or around May 3, 1988. On May 9, 1989, the E/C voluntarily accepted the employee as permanently and totally disabled and began paying PTD benefits. The E/C filed a notice of claim for reimbursement from the Fund on April 25, 1991.
The employee first saw Dr. Fernyhough on September 26, 1991. Dr. Fernyhough stated that on that date the employee was at MMI if he had no further surgery or treatment. Dr. Fernyhough then performed lumbar fusions on February 2, 1992 and February 7, 1992. After the fusions, the employee was assigned an MMI date of January 5, 1993. Dr. Fernyhough stated the employee was totally disabled when he first saw him and when he last saw him.
Section 440.49(2)(g), Florida Statutes (1987), provides in part:
The right to reimbursement as provided in this subsection shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or *145 carrier entitled to such reimbursement with the division at Tallahassee within 2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later.
The Fund maintained that the E/C failed to timely file the notice of claim for reimbursement because it was not filed within two years of the first payment of compensation or within two years of the last MMI date. The E/C argued the notice was timely because it was filed within two years from the last MMI date of January 5, 1993. The E/C also argued that the claim was timely because it was filed within two years after the first payment of PTD, the last type of permanent benefit paid on the claim. The JCC accepted the latter argument of the E/C, determining that the phrase "whichever is later" refers to the later of either the first payment of PTD, the first payment of wage loss, or the first payment of death benefits.
The JCC correctly rejected the E/C's argument that the subsequent MMI date of January 5, 1993, extended the time limit for filing a claim. The JCC erred, however, in finding the claim was timely because it was filed within two years of the first payment of PTD. We conclude that the phrase "whichever is later" refers to the later of the date the claimant last reached MMI or the date of the first payment of permanent benefits.
Section 440.49(2)(g) is a non-claim statute and clearly bars any right to reimbursement unless the claim is filed within the statutory period. Special Disability Trust Fund v. Robbins Mfg. Co., 484 So.2d 54 (Fla. 1st DCA 1986). The employee reached MMI on April 3, 1988. The E/C did not contest the opinion that the employee was MMI and made the first payment of permanent compensation in the form of wage loss on or around May 3, 1988. Accordingly, it was the carrier's responsibility to notify the Fund in order to protect the Fund against stale claims and to provide an opportunity for prompt investigation of the claim. Once the two-year period after the date of MMI expired, the claim could not be revived by the fact that a different MMI date was subsequently expressed. Special Disability Trust Fund v. Champion Int'l, 584 So.2d 619 (Fla. 1st DCA 1991); Special Disability Trust Fund v. Florida Power Corp., 558 So.2d 130 (Fla. 1st DCA 1990). Similarly, once the two year period after the first payment of wage loss benefits had expired, the claim could not be revived by payment of a different type of permanent compensation.
The order is reversed and the cause is remanded with directions that the claim be dismissed.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.