PER CURIAM.
In this workers’ compensation appeal, the Special Disability Trust Fund (Fund) challenges the final order of the judge of compensation claims (JCC) finding appellee, employer/carrier (E/C), entitled to reimbursement from the Fund and rejecting the Fund’s arguments that the application should be denied because it was untimely and because no merger occurred. As we agree with the Fund in regard to its first issue, we do not reach the second; accordingly, we reverse and remand the cause with directions that the application for reimbursement be dismissed.
Section 440.49(2)(g), Florida Statutes (1987), states in part:
The right to reimbursement as provided in this subsection shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee within 2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later.
The E/C filed its claim for reimbursement on August 17, 1993, more than two years after the stipulated date of claimant’s maximum medical improvement (MMI), which was set forth in a washout agreement and approved by order. The JCC, however, justified the allowance of repayment on the theory that, notwithstanding the parties’ stipulation, the last MMI date was in fact August 9, 1993, based upon recent deposition testimony of the claimant’s physician, thereby making the claim timely.
The JCC’s ruling in this regard was clearly erroneous. Our court’s decisional law has consistently interpreted section 440.49(2)(g) as requiring that once the two-year period following the date of MMI has expired, the claim for reimbursement cannot be revived by a finding of a different MMI date. See, e.g., Special Disability Trust Fund v. Executone of Cent. Fla., 670 So.2d 143 (Fla. 1st DCA 1996); Special Disability Trust Fund v. Westwind Transp., 648 So.2d 830 (Fla. 1st DCA 1995); Special Disability Trust Fund v. Champion Int'l, 584 So.2d 619 (Fla. 1st DCA 1991). Thus, under established case law, the JCC’s revised MMI date could not breathe life into the E/C’s stale claim.
REVERSED and REMANDED with directions that the E/C’s application for reimbursement be dismissed.
ERVIN and DAVIS, JJ., and SMITH, Senior Judge, concur.