774 So.2d 876 (2000)
MANATEE MEMORIAL HOSPITAL and Johns Eastern Company, Inc., Appellants,
v.
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, STATE OF FLORIDA, Appellee.
No. 1D00-1590.
District Court of Appeal of Florida, First District.
December 29, 2000.
*877 Keith A. Mann of Mann Employers Legal Group, P.A., Sarasota; and David W. Young of Boehm, Brown, Seacrest & Fischer, P.A., Tallahassee, for Appellants.
Lorraine M. Novak, Special Disability Trust Fund, Tallahassee, for Appellee.
VAN NORTWICK, J.
In this workers' compensation appeal, Manatee Memorial Hospital and Johns Eastern Company, Inc., the employer and servicing agent (employer/servicing agent) below, appeal a final order of the Judge of Compensation Claims (JCC) determining that the claim of the employer/servicing agent for reimbursement from the Special Disability Trust Fund (Fund), appellee, was time-barred pursuant to section 440.49(7), Florida Statutes (Supp. 1994), because the notice of the reimbursement claim was not filed within two years of the first payment of impairment benefits by the employer/servicing agent. We hold that under the language of the statute, the payment of permanent impairment benefits does not commence the running of the non-claim statute, section 440.49(7), Florida Statutes (Supp.1994), and, thus, we reverse.
Section 440.49(7), Florida Statutes (Supp.1994) provides in pertinent part:
(7) REIMBURSEMENT OF EMPLOYER The right to reimbursement as provided in this section is barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee within 2 years after the date the employee last reached maximum medical improvement, or within two years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later....
Manatee Memorial Hospital's employee was injured on July 3, 1995, and was placed on maximum medical improvement (MMI) on November 28, 1995 and on December 20, 1995. The employer/servicing agent paid permanent impairment benefits to the employee on January 2, 1996 based on a five to six percent impairment rating, and first paid permanent total disability benefits on June 27, 1996. The employer/servicing agent gave notice to the Fund of the claim for reimbursement on April 15, 1998, within two years from the date of first payment of permanent total disability benefits, but more than two years after the first payment of permanent impairment benefits. Because the notice was filed more than two years after January 2, 1996, the date of the first payment of impairment income benefits, the Fund defended the claim on the ground that it was time-barred. The JCC agreed and denied the claim.
*878 The employer/servicing agent argue that the unambiguous language of section 440.49(7) does not mention the payment of impairment benefits as an event triggering the non-claim statute. Accordingly, the JCC's order conflicts with the express words of the statute.
The Fund argues that, notwithstanding that the language of section 440.49(7) does not expressly provide that the payment of permanent impairment benefits trigger the non-claim provisions, the employer/servicing agent accepted an initial MMI date by its payment of permanent impairment benefits, and, as a result, started the two-year time period running for purposes of notice to the Fund. The Fund relies upon Special Disability Trust Fund v. Low Cost Transmission, 725 So.2d 1218, 1220 (Fla. 1st DCA 1999) wherein this court said:
Once the E/C manifests its acceptance of an assigned MMI date by beginning the payment of permanent benefits, it has a responsibility to adhere to this date in filing a claim for reimbursement from the Fund.
The employer/servicing agent respond that Low Cost Transmission, and the cases upon which it relies, are distinguishable because they address only the principle that, once the employer/carrier pays wage loss benefits or permanent total disability benefits, it is not possible to revise the initial date of MMI for the purpose of restarting the two-year clock for timely filing a claim for reimbursement. Further, the employer/servicing agent submits that these cases were governed by the pre 1994 workers' compensation law, and, accordingly, could not have considered the concept of impairment benefits, which was developed when the legislature substantially amended the workers' compensation law in 1994. Thus, the employer/servicing agent argues that this court's reference to permanent benefits in Low Cost Transmission, 725 So.2d at 1220, must be read in the context of the statute being addressed in that case.
We agree with appellants that this is a case of first impression and that the language of Low Cost Transmission, which dealt with a different situation and workers' compensation statute, is not controlling. We hold that, because the plain, unambiguous language of section 440.49(7) does not mention the payment of impairment income benefits as a starting point for the two-year non-claim statute, the JCC erred in denying reimbursement. Non-claim statutes, such as section 440.49(7), are strictly construed, see, e.g., Special Disability Trust Fund v. Robbins Mfg. Co., 484 So.2d 54 (Fla. 1st DCA 1986), and its plain language cannot be ignored. See Chihocky v. Crapo, 632 So.2d 230, 232 (Fla. 1st DCA 1994).
Further, even though it is considered a permanent indemnity benefit, impairment income is payable irrespective of disability, and can be differentiated from permanent total disability benefits, wage loss or death benefits. The omission of impairment benefits from section 440.49(7) evidences a legislative intent to exclude the payment of such benefits from the reach of the nonclaim provisions. Accordingly, the employer/servicing agent's notice filed "within two years after the date of the first payment of compensation for permanent total disability," section 440.49(7), was timely.
The order of the JCC is REVERSED.
LAWRENCE and DAVIS, JJ., concur.