943 So.2d 811 (2006)
LOCKHEED MARTIN and The Home Insurance Company in Liquidation, Appellants,
v.
SPECIAL DISABILITY TRUST FUND, Appellee.
No. 1D05-5557.
District Court of Appeal of Florida, First District.
September 18, 2006.
Rehearing Denied December 12, 2006.
James M. Hess and Margaret E. Sojourner, of Langston, Hess, Bolton, Shepard & Augustine, P.A., Maitland, for Appellants.
*812 Cynthia A. Shaw, Tallahassee, for Appellee.
BROWNING, J.
Appellants (E/C) seek reimbursement from the Special Disability Trust Fund (SDTF) for workers' compensation benefits paid to a claimant, injured August 11, 1986, who is not a party to this action. The JCC ruled against E/C; we reverse.
Section 440.49(7)(a), Florida Statutes, provides that employer/carriers may seek reimbursement from the SDTF if they file a written notice of the claim "within 2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later." This time period cannot be waived because, rather than a statute of limitations, this is a non-claim statute. See Manatee Mem'l Hosp. v. Special Disability Trust Fund, 774 So.2d 876, 878 (Fla. 1st DCA 2000) (citing Special Disability Trust Fund v. Robbins Mfg. Co., 484 So.2d 54 (Fla. 1st DCA 1986)). The phrase "whichever is later" refers to the later of two dates as between the MMI date and the date of the first compensation payment, whether it be for permanent total disability, wage loss, or death. See Special Disability Trust Fund v. Executone of Cent. Fla., 670 So.2d 143 (Fla. 1st DCA 1996).
In the instant case, Claimant's workers' compensation claim was affirmed on appeal in 1991, E/C sent Claimant a check in 1992, and Claimant reached MMI in 1994. When E/C filed a notice of reimbursement with the SDTF in 1995, SDTF denied the claim as untimely, characterizing the 1992 check as the first payment of benefits. However, because Claimant reached MMI after the 1992 check, E/C had until two years from the date of MMI to seek reimbursement. Thus, E/C's claim for reimbursement was timely.
REVERSED and REMANDED for further proceedings.
BARFIELD and VAN NORTWICK, JJ., concur.